IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIM WHITE GROUP, INC.,

                Plaintiff,                        OPINION & ORDER

    v.

                                                14-cv-232-jdp

HOLLEY MOULDING, INC.,
MILLFAB, INC.,
CONCEPT FINANCIAL GROUP, INC., and
NORTHWOODS HARDWOOD
LUMBER COMPANY, INC.,

                Defendants.

---

      One of the defendants, Concept Financial Group, Inc., removed this breach of contract action to this court alleging diversity jurisdiction. The plaintiff seeks remand to Dane County Circuit Court, contending that defendants Holley Moulding, Inc. and Millfab, Inc. have their principal places of business in this district, thus barring removal and depriving this court of jurisdiction pursuant to 28 U.S.C. § 1441(b)(2).

      The motion to remand is fully briefed, but the parties' submissions raise a factual dispute that the court cannot resolve on the papers. Holley and Millfab are incorporated by the State of Oregon, but it is not clear where these two companies have their principal places of business. If the principal place of business of either Holley or Millfab is in this district, that defendant will be deemed to be a citizen of Wisconsin, pursuant to 28 U.S.C. § 1332(c)(1), and diversity will be defeated. The court must resolve this issue before attending to the merits of the case.

      Plaintiff contends, with a supporting declaration, (Dkt. 11), that both companies have their headquarters in Stoughton, Wisconsin, the location of Holley's manufacturing facility and the address to which plaintiff shipped the supplies at issue in this action. Holley and Millfab counter with two affidavits claiming that their principal places of business are in Aberdeen,

Washington. (Dkt. 14 and 15.) Both of the defendant declarations are threadbare and conclusory. Nevertheless, they might be enough if they stood unchallenged. But they do not: plaintiff has submitted a further declaration from counsel stating that the building alleged to be the principal place of business for both Holley and Millfab, although owned by Holley's and Millfab's president, houses only a theater, an espresso shop, and an ice cream stand. (Dkt. 18.) Together, the parties' conflicting affidavits create a genuine dispute as to Holley's and Millfab's principal places of business, which the court will resolve at an evidentiary hearing.

Plaintiff has requested, as an alternative to immediately granting the motion to remand, the opportunity to conduct limited discovery into Holley's and Millfab's principal places of business. Although it would be better practice to make this request by motion rather than in a reply brief, the court will nevertheless grant plaintiff's request. Plaintiff will have 14 days in which to take the deposition of a witness with first-hand knowledge of the operations and management of defendants Holley Moulding, Inc. and Millfab, Inc. Before that deposition takes place, defendants must provide plaintiff with documentary evidence relating to Holley's and Millfab's places of business. In consultation with counsel, the court will set a hearing on the motion to remand to be held in approximately 30 days.

## ORDER

IT IS ORDERED that:

1) Plaintiff has 14 days from the date of this order to take the deposition of a witness with first-hand knowledge of the operations and management of defendants Holley Moulding, Inc. and Millfab, Inc., which deposition will be limited to that subject;

2) Defendants will, without waiting for a discovery request, disclose to plaintiff documents sufficient to show the places of business of defendants Holley Moulding, Inc. and Millfab, Inc., including any evidence that they intend to use to support their argument for removal. That disclosure will be made no later than 48 hours before the ordered deposition; and

3) The court will set an evidentiary hearing on the motion to remand, (Dkt. 9), to be held in approximately 30 days.

Entered this 27th day of May, 2014.

                                    BY THE COURT:
                                    /s/
                                    JAMES D. PETERSON
                                    District Judge